IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JACKIE RAY BRISTER**                                                             **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 3:12cv201-JMR**

**CHRISTOPHER EPPS; MACK E. COX;**
**STEPHANIE JONES; E. L. SPARKMAN;**
**GLORIA GIBBS and JAMES HOLMAN**                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before this Court on the Defendants' Motion for Summary Judgment [41]. To date, Brister has not responded to the motion, which was filed on August 21, 2013. Having considered the Motion, along with the entire record and the applicable law, this Court finds that Motion should be granted.

## PROCEDURAL HISTORY

Brister had his period of supervised release revoked on March 10, 2010, due to possession of a controlled substance. [41-1.] As a result, Brister began serving two sentences concurrently while in the custody of the Louisiana Department of Corrections [LDOC]; one sentence arising from the Mississippi revocation order and one sentence stemming from a Louisiana charge. Brister requested that he serve the remainder of his concurrent sentences in the custody of the Mississippi Department of Corrections [MDOC] and sought extradition from Louisiana to Mississippi. Brister entered custody of the MDOC on November 10, 2011.

Brister claims he is falsely imprisoned subject to the October 21, 2008, order of Walthall County Circuit Court. [1, p. 6.] Brister contends that while in LDOC custody he earned trusty credits which the MDOC refused to credit toward his sentence because those credits were not earned in the custody of MDOC. He contends that Christopher Epps [Epps] as Commissioner of

MDOC, failed to train and supervise his employees and failed to enact the appropriate policies regarding prison records, thereby resulting in a violation of his constitutional rights. [1, pp. 9-10.] Brister claims that the order of the Walthall County Circuit Court mandates that his trusty credits earned at the LDOC be credited to his behalf by the MDOC, and that the MDOC has misinterpreted the sentencing order. [1, pp. 6-7.] Brister seeks a declaratory judgment that the records department is "completely responsible for determining good time credit calculation"; that Brister's Eighth and Fourteenth Amendment rights were violated because of a failure to train and supervise; that the defendants were deliberately indifference to his constitutional rights; that his due process rights were violated; he seeks an injunction ordering Cox and Jones to calculate Brister's good time credits by including the Louisiana calculation; release pursuant to the Louisiana parole calculations; and compensatory and punitive damages as relief. [1, pp. 11-13.]

The Court is without benefit of a response to this motion from. Brister notified the Clerk's office that he was released from custody on September 15, 2012, and he updated his mailing address at that time. [22.]

## ANALYSIS

In the instant petition, Brister's sole assignment of error is that he was deprived of the right to "trusty" earned time credit for a period of time during his incarceration in Louisiana. According to the Defendants, the Eleventh Amendment bars Brister's claims against them in their official capacities. [42, p. 3.] The defendants assert that the Eleventh Amendment precludes suits in federal court against state officials named in their official capacities because this type of suit is recognized as a claim against the State. [42, p. 4.] The defendants contend that the State of Mississippi has not waived its Eleventh Amendment immunity barring this suit, and, as a result,

the defendants argue that Brister's official capacity claims should be dismissed. [42, p. 5.]

I.     Claims against Christopher Epps

Epps was the Commissioner of MDOC during the time Brister was incarcerated. [1, p. 9.] Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999), *reh'g denied* April 8, 1999. In addition, the Eleventh Amendment bars official capacity claims for money damages against prison officials. *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). Brister's claims against Epps, if any, in his official capacity are barred under these principles, consequently, the Court concludes that summary judgment should be granted on any claims against Epps acting in his official capacity.

In addition, any claims against Epps acting in his individual capacity are barred because Brister has not identified specific policies implemented by Epps which caused the alleged constitutional violation in this case. "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein,* 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)). Supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987). No such evidence is present in this case and the Court, therefore, finds that summary judgment should be granted on any claims against Epps acting in either his individual or official capacity.

II.    Eleventh Amendment Immunity

As stated above, the Eleventh Amendment bars claims against a state filed pursuant to § 1983 seeking monetary damages against defendants in their official capacity. *Aguilar v. Texas Dep't of Crim. Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. Of Trustees,* 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A suit against a state official in his or her official capacity is a suit against the official's office, and consequently, "it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (citations omitted). "Federal claims against state employees in their official capacities are the equivalent of suits against the state." *Ganther v. Ingle,* 75 F.3d 207, 209 (5th Cir. 1996). Such claims are barred by the Eleventh Amendment. The Court concludes that any claims against Mack E. Cox; Stephanie Jones; E. L. Sparkman; Gloria Gibbs or James Holman in their official capacities should be dismissed on summary judgment.

III.  Qualified Immunity and Merits of Brister's Claims

The defendants contend that they are entitled to qualified immunity in their individual capacities. (*Id.*) The defendants are officials of the MDOC and are immune from suit because Brister has not demonstrated a violation of clearly established law. [42, pp. 5-6.] A mere failure to award earned time credit for the specified period does not rise to the level of a constitutional violations without a showing from Brister that he has a protected liberty interest in those credits. *See Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *see also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (holding that the "Constitution does not guarantee good time credit for satisfactory behavior while in prison."). While a State may statutorily create a liberty interest, such an interest is created only if the State law or regulation contains "'explicit mandatory language.' *i.e* specific directives to the decisionmaker that if the regulations' substantive

predicates are present, a particular outcome must follow." *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 463 (1989).

Mississippi Code Annotated § 47-5-138.1 governs the award of trusty earned time to inmates, and that statute provides that the MDOC "may" award a trusty earned time allowance to inmates who meet certain criteria. The use of the word "may" in the statute makes the award of earned time discretionary, not mandatory. The decision whether to award earned time to offenders is left to the discretion of the prison officials, and therefore, the statute affords a prisoner no constitutionally recognized liberty interest. *See Scales v. Miss. State Parole Bd.,* 831 F.2d 565, 566 (5th Cir. 1987). Brister's claim involving his good time credits does not rise to the level of a constitutional violation because he has no protected liberty interest in those credits. *Hudson,* 242 F.3d at 536; *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (the "Constitution itself does not guarantee good time credit for satisfactory behavior while in prison").

Accordingly, Brister has not demonstrated a violation of a clearly established right. In addition, the defendants actions were objectively reasonable in that these defendants were acting in a lawful manner in carrying out Brister's sentence. Although Brister claims that the defendants misinterpreted the sentencing order of the Walthall County Circuit Court, that order states that Brister's sentence "shall run concurrent with the Louisiana sentence he is currently serving." [41-1.] That sentence does not mandate that trusty credits earned at the LDOC shall be recognized and credited to Brister by the MDOC. (*Id*.) The Court concludes that the defendants are entitled to qualified immunity as to any allegations raised by Brister that his sentence was improperly served based on his claim of entitlement to good time credits from Louisiana. *See Porter v. Epps*, 659 F.3d 440, 447-8 (5th Cir. 2011). Therefore, the Court finds that Brister's

claims are without merit and should be dismissed.

In addition, the Court finds that a petition seeking the restoration of sentence credits to a term of imprisonment that has been completed is moot. *See Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (holding prisoner's appeal from the denial of a habeas petition challenging prison disciplinary infraction which sought restoration of good-time credits was moot after petitioner's release). Plaintiff must show that he will be subject to a future adverse consequence as a result of this action, and Brister has made no such showing. *See Adair v. Dretke,* 150 F. App'x 329, 331 (5th Cir. 2005)(dismissing appeal as moot that sought reversal of an order reinstating good-time credits finding such relief "would have no effect on either party" after the prisoner's release). Thus, Plaintiff's request for release from incarceration is denied as moot.

IV.     Request for Declaratory and Injunctive Relief

An inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy and become moot once an inmate has been released from prison. *See Herman v. Holiday,* 238 F.3d 660, 666 (5th Cir. 2001). Brister indicates he was released from incarceration on September 15, 2012, so that his claims concerning allegations related to MDOC are moot. [21.] The Court finds that the defendants' motion for summary judgment on Brister's claims for injunctive and declaratory relief should be granted.

## **CONCLUSION**

Based on the forgoing analysis, the Court finds that the defendants' motion for summary judgment [41] should be granted. A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. The Clerk is directed to mail a copy of this Memorandum Opinion and the Judgment by certified mail, return receipt requested

to Brister at his last known address of record. Each party shall bear their respective costs associated with this motion.

    DATED, this the 18th day of October, 2013.

                                                              s/ John M. Roper
                                       CHIEF UNITED STATES MAGISTRATE JUDGE